Wilson, P. J.
This suit was brought by plaintiff Browns to recover possession of certain realty, from which he claimed to have been wrongfully and unlawfully ousted by the defendant, and also to recover damages for the alleged unlawful eviction. Plaintiff claimed possession by virtue of a lease for three years from the owner of the land, and defendant claimed title under a subsequent purchase from the owner and lessor. The defense was substantially to the effect that the plaintiff, prior to defendant’s purchase, had agreed to a surrender of his lease. At the outset, the sum of 110.00 only seems to have been the amount involved. The case was tried in the district court three times to juries, resulting in two verdicts, one for each of the parties, and in one disagreement. After the last trial, and the failure of the jury to agree, the cause was by written stipulation of the parties submitted to the *265 court for determination upon the evidence as introduced before the jury. The judgment of the court was in favor of the defendant. There have been therefore four trials.
As we view the case, it turns solely upon a question of fact. The evidence on neither side was very conclusive, and was in the highest degree conflicting; but the question having been resolved by the court in favor of the defendant, and there being sufficient evidence to support the finding, this court, under the well settled and familiar rule in such cases, will not undertake to disturb the finding or judgment. We cannot agree with counsel that there was no evidence whatever to sustain the finding. The fact alone that the jury at one trial, and the court at another trial, had made the same findings as to the essential and controlling fact, should have some weight in considering whether there was sufficient evidence to support the verdict of the one and the finding of the other.
At some stage of the proceedings, but the precise stage we cannot determine from the record, the court allowed the defendant to file an amendment to his answer, in which it was claimed another defense was attempted to he set up. Plaintiff complains of this as being grievous and prejudicial error. The Code expressly vests in courts a large discretionary power with reference to amendments to pleadings. There does not appear to have been any abuse of discretion here, because there is no suggestion of surprise, and the plaintiff was allowed ample time to plead to the amendment, a privilege of which he availed himself, both by demurrer and by a motion to strike. Whether the amendment presented a good defense, and whether there was any evidence to support it, is another question, which, however, it is not necessary for us to consider. Even if it should be held that the amendment did not set up another and a good defense, or that there was no evidence in support of it, it would avail the plaintiff nothing, because the controlling fact in the case to which we have referred, and which did set up a good defense, was set forth in the original answer.
*266 There are some errors assigned as to the admission and exclusion of evidence, but the plaintiff is precluded from insisting upon these, for the reason that the cause was submitted to the court by liis express stipulation, upon the evidence as theretofore introduced and received before the jury. It was in effect, of course, a trial to the court, upon evidence submitted by the stipulation of the parties. Moreover, when trial is to the court, the legal presumption is that the court in rendering judgment discards such evidence as may be incompetent, and relies only upon that which is properly admissible.
Plaintiff’s counsel in his brief also vigorously attacks a number of the instructions given by the court to the jury. It is obviously unnecessary to consider these, because the judgment which he brings here is one rendered by the court, at a trial to it without the intervention of a jury. No instructions therefore were given, and those given to the jury at a former trial are not before us for consideration. The trial in which the judgment was rendered was another and a new trial.
The judgment will be affirmed.

Affirmed.

Gunter, J., not sitting.